# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| THE SAN ANTONIO REFINERY LLC; CALUMET SHREVEPORT REFINING, LLC,<br><br>      Petitioner,<br><br>   v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>      Respondent. | No. 23-60399 |

**PETITIONER THE SAN ANTONIO REFINERY LLC'S UNOPPOSED MOTION TO SEAL THE DECLARATIONS SUPPORTING ITS MOTION FOR STAY PENDING JUDICIAL REVIEW AND CERTAIN PORTIONS OF THE STAY MOTION**

 Petitioner The San Antonio Refinery LLC ("TSAR") moves for leave to file under seal the Declarations of The San Antonio Refinery LLC and Karl J. Worsham ("Declarations") submitted in support of Petitioner's Unopposed Motion for Stay Pending Judicial Review ("Stay Motion"), as well as certain limited portions of Stay Motion, because they contain "Confidential Business Information" ("CBI") protected under 40 C.F.R. §§ 2.201–215 and which, if revealed publicly, would harm Petitioner's business and competitive standing. Respondent U.S. Environmental Protection Agency ("EPA") does not oppose the relief requested in this motion.

1

1.     A company does not "surrender (or 'forfeit') the confidentiality of its information by seeking judicial review." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 671 (D.C. Cir. 2017). Granting a motion to seal is "appropriate" when it seeks to protect "confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)). This is so because "the common-law right of inspection … bow[s] before the power of a court to [e]nsure that its records are not" misused. *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980). For example, "courts have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing." *Id.* Although courts weigh various factors when deciding whether to seal documents filed with them, "[f]or documents containing sensitive business information and trade secrets, those factors often weigh in favor of sealing." *Metlife*, 865 F.3d at 671. Petitioner is a private company. Because EPA has no competing interest in disclosing TSAR's CBI to the public, and because the content of the Declarations and redacted portions of the Stay Motion establish good cause to seal, this motion should be granted.

3.     This appeal concerns EPA's denial of TSAR's petition for a small refinery hardship exemption from annual compliance with the Renewable Fuel Standard ("RFS") for 2022 and 2023. On September 8, 2023, Petitioner filed a public, redacted version of the Stay Motion. The

Stay Motion is supported by two Declarations that constitute and attach Petitioner's highly sensitive CBI. The TSAR Declaration sets forth the disproportionate economic hardship Petitioner faces from the RFS and the irreparable harm Petitioner will suffer absent a stay of its RFS compliance obligations pending resolution of this appeal. The Worsham Declaration attaches a document that constitutes similar CBI. And the Stay Motion itself contains a limited number of references to the same CBI which require redaction. If this CBI were revealed to the public, it would harm Petitioner's business and competitive standing. This Court has protected this same type of CBI in the pending action *Calumet Shreveport Refining, LLC v. EPA*, No. 22-60266 (5th Cir.). *See* Protective Order, No. 22-60266, Dkt. 182 (Jan. 9, 2023).

4.  The type of highly sensitive, non-public information contained in the Declarations and redacted portions of the Stay Motion was sealed in the agency proceedings below because it is protected CBI under 40 C.F.R. §§ 2.201–215, which applies to business information that is not publicly available and is treated as confidential in the normal course. Petitioner's CBI was submitted confidentially to, and protected by, EPA in the agency action under review.

5.  EPA routinely protects the confidentiality of Petitioner's CBI, as required by federal regulations. For example, in response to FOIA requests, EPA has refused to disclose similar financial and other non-public business information that Petitioner submitted to the agency in

prior years. EPA relied on 40 C.F.R. § 2.208(a)–(d) in determining that small refineries' (including TSAR's) non-public financial and business information should be treated as CBI and shielded from public disclosure under FOIA Exemption 4. *See, e.g.*, Memorandum Opinion, *Renewable Fuels Ass'n v. U.S. EPA*, No. 18-2031, at 11 (D.D.C. Feb. 16, 2021), ECF No. 64 ("Plaintiffs rejoin that EPA separately redacted from its decision documents the actual financial and business information that refineries [including TSAR] submitted to justify their claims of disproportionate economic hardship, and they do not challenge those redactions."); EPA's Memorandum in Opposition, *Renewable Fuels Ass'n v. U.S. EPA*, No. 18-2031, at 20, 36 (D.D.C. Dec. 15, 2020), ECF No. 58 ("EPA's underlying [] decision is based upon an evaluation of similarly confidential financial information submitted by the refinery in support of their petition that attempts to establish unfavorable structural and economic conditions rising to the level of 'disproportionate economic hardship' at the refinery.").

## CONCLUSION

For the foregoing reasons, this Court should grant Petitioner's unopposed motion to seal the Declarations of The San Antonio Refinery LLC and Karl J. Worsham in their entirety, as well as those limited portions of the Stay Motion that constitutes CBI.

Dated: September 10, 2023

Respectfully submitted,

*s/ Jonathan G. Hardin*

Jonathan G. Hardin
Alexandra Magill Bromer
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6297
Facsimile: 202.654.6211
JHardin@perkinscoie.com
ABromer@perkinscoie.com

Michael R. Huston*
Karl J. Worsham
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85102-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
MHuston@perkinscoie.com
KWorsham@perkinscoie.com
* Admitted only in Washington, D.C.

Attorneys for The San Antonio Refinery LLC

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 811 words according to the count of Microsoft Word, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion was prepared in Microsoft Word with the proportionally-spaced typeface of Century Schoolbook 14-point.

Dated:  September 10, 2023

                                             *s/ Jonathan G. Hardin*
                                             Jonathan G. Hardin
                                             PERKINS COIE LLP

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 10, 2023

                                         *s/ Jonathan G. Hardin*
                                         Jonathan G. Hardin
                                         PERKINS COIE LLP