IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| THE SAN ANTONIO REFINERY, et al., <br><br> *Petitioners*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent*. | Case No. 23-60399 |

### RESPONDENT EPA'S RESPONSE TO PETITIONER CALUMET SHREVEPORT REFINING'S UNOPPOSED MOTION FOR STAY PENDING APPEAL

Respondent United States Environmental Protection Agency respectfully submits this response to Petitioner Calumet Shreveport Refining's ("Calumet Shreveport") Motion for Stay Pending Appeal and states as follows:

1. On July 27, 2023, Calumet Shreveport filed a petition for review challenging EPA's final action under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7607–7671q, titled "Notice of July 2023 Denial of Petitions for Small Refinery Exemptions under the Renewable Fuel Standard Program" ("July 2023 Denial"), notice of which was published in the Federal Register on July 20, 2023. 88 Fed. Reg. 46795 (July 20, 2023). In the July 2023 Denial, EPA denied Calumet Shreveport's 2022 and 2023 small refinery exemption (SRE) petitions for

exemption from the requirements of the Renewable Fuel Standard (RFS) program. Doc. 3-1 at 1.

2.   Calumet Shreveport's current petition challenging EPA's July 2023 Denial comes a year after Calumet Shreveport filed a substantially similar petition currently pending before this Court. On August 3, 2022, Calumet Shreveport filed a petition for review challenging EPA's final agency action under the CAA, titled "June 2022 Denial of Petitions for RFS Small Refinery Exemptions," notice of which was published in the Federal Register on June 8, 2022. 87 Fed. Reg. 34873 (June 8, 2022) ("June 2022 Denial"). Petition for Review, *Calumet Shreveport Refin. v. EPA*, No. 22-60425 (5th Cir.), Doc. 6-1. This Court consolidated Calumet Shreveport's petition for review—along with other challenges to the June 2022 Denial, *see id.* at Doc. 193-1—with petitions for review challenging EPA's nearly identical "April 2022 Denial of Petitions for RFS Small Refinery Exemptions," notice of which was published in the Federal Register on April 25, 2022, 87 Fed. Reg. 24300 (Apr. 25, 2022) ("April 2022 Denial," together with the June 2022 Denial, the "2022 Denials").

3.   Consolidated challenges to the 2022 Denials are currently pending before this Court, the Eleventh Circuit, and the D.C. Circuit. The Eleventh Circuit held oral argument on July 27, 2023. *See Hunt v. EPA*, Case No. 22-11617. Oral argument is scheduled in this Court for October 2, 2023. *See Calumet Shreveport*

2

*v. EPA*, Case No. 22-60266, Doc. 372.  The D.C. Circuit briefing is scheduled to be completed in December 2023.  *See Sinclair v. EPA*, Case No. 22-1073, Doc. 1995979, Doc. 2014289.

4. In its challenge to the 2022 Denials, Calumet Shreveport previously moved for a stay of prior RFS compliance obligations pending appeal claiming that, absent a stay, Calumet Shreveport would face irreparable harm.  *See* Calumet Shreveport Opposed Motion for Stay Pending Appeal, *Wynnewood Refining Co. LLC, et al. v. EPA*, No. 22-60425 (Jan. 4, 2023) ("2022 Stay Request"), Doc. 198.  Over EPA's opposition, *Wynnewood Refining Co. LLC, et al. v. EPA*, No. 22-60425 (Jan. 12, 2023) (sealed), this Court granted Calumet Shreveport's 2022 Stay Request.[1]  *See* Dec. 21, 2022 Order, Doc. 236-1.[2]

5. Calumet Shreveport's current stay request, declaration, and exhibits are substantially similar to that of Calumet Shreveport's 2022 Stay Request.

---

[1] In the order granting Calumet Shreveport's 2022 Stay Request, the motions panel noted that its "determination of the likelihood of success on the merits is for the purposes of the stay only and does not bind the merits panel." *See* Doc. 236-1 at 6 n.2.

[2] Two other small refineries also moved in this Court for a stay of certain of their RFS compliance obligations pending appeal and claimed similar irreparable harm. *See Wynnewood*, No. 22-60245 (5th Cir.), Doc. 269 (Wynnewood Refining Company); Doc. 110 (The San Antonio Refinery).  Those two stay requests were also granted over EPA's oppositions. *See* Jan. 27, 2023 Order, Doc. 236-1 (The San Antonio Refinery); Mar. 16, 2023 Order, Doc. 329-1 (Wynnewood Refining Company).

6. Given the prior stay, EPA does not oppose the relief requested in Calumet Shreveport's current stay request. In not opposing, however, EPA does not concede that the prior motions panels decisions were correct. EPA's non-opposition is made only for the purpose of conserving time and resources of the parties, counsel, and this Court and for the parties, counsel, and this Court to focus on addressing the pending 2022 Denials. EPA's position remains that the 2022 Denials and the July 2023 Denial are appropriate and consistent with the CAA and that any petitions challenging EPA's 2022 Denials and July 2023 Denial outside of the D.C. Circuit should be dismissed or transferred, or, alternatively, denied on the merits.

7. EPA expressly reserves all rights and does not waive any right to later challenge the determination that this Court has authority to grant a stay of statutorily mandated compliance requirements. EPA further reserves all rights to later move to transfer or dismiss based on 42 U.S.C. § 7607(b)(1) any challenges to the July 2023 Denial because it is nationally applicable, or, alternatively, EPA made and published a finding that it was based on a determination of nationwide scope or effect, either of which requires any challenge to be filed in the D.C. Circuit.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | TODD KIM<br>*Assistant Attorney General* |
|  | */s/ Bryan J. Harrison*<br>BRYAN J. HARRISON<br>JEFFREY HUGHES<br>U.S. Department of Justice<br>Environment and Natural Resources Division |
| Of Counsel: | Environmental Defense Section<br>P.O. Box 7611 |
| SUSAN STAHLE<br>U.S. Environmental Protection Agency<br>Office of General Counsel<br>Washington, DC | Washington, DC  20044-7611<br>Tel:  (202) 307-0930 (Harrison)<br>Tel:  (202) 305-4598 (Hughes)<br>bryan.harrison@usdoj.gov<br>jeffrey.hughes@usdoj.gov |
| Dated: September 11, 2023 | *Counsel for Respondent U.S. EPA* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 828 words according to the count of Microsoft Word, excluding the parts of the response exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

Dated: September 11, 2023              */s/ Bryan J. Harrison*
                                       BRYAN J. HARRISON

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Dated:  September 11, 2023                    */s/ Bryan J. Harrison*
                                              BRYAN J. HARRISON