# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| THE SAN ANTONIO REFINERY LLC; CALUMET SHREVEPORT REFINING, LLC, <br><br> *Petitioners*, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent*. | Case No. 23-60399 (consol.) |

## STATUS REPORT

Respondent U.S. Environmental Protection Agency ("EPA") respectfully submits this status report pursuant to this Court's August 19, 2025 docket entry and to apprise the Court of EPA's intended forthcoming new decision on Petitioners' requests underlying the action challenged in this case.

1.      Petitioners seek review EPA's July 2023 denial of small refinery exemptions (the "2023 Denial").

2.      On June 7, 2024, this Court stayed further proceedings in this matter pending the United States Supreme Court's disposition of *EPA v. Calumet Shreveport Refining, L.L.C. See* ECF No. 109. At the time of the Order, EPA had petitioned for a writ of certiorari to review this Court's judgment in *Calumet Shreveport Refining, L.L.C. v. EPA*, 86 F.4th 1121 (5th Cir. 2023). In particular,

EPA sought review on the question of whether venue was proper in this Court or the D.C. Circuit for petitions for review of EPA's April and June 2022 denials of small refinery exemptions, which relied on the same approach and analysis as the decision under review in this case. Therefore, the Supreme Court's resolution of venue  would affect the parties' approach to these consolidated cases going forward.

3.     On June 18, 2025, the Supreme Court issued its opinion, which vacated this Court's judgment in *Calumet Shreveport Refining, L.L.C. v. EPA*, 86 F.4th 1121 (5th Cir. 2023). *EPA v. Calumet Shreveport Refining, L.L.C.*, 145 S. Ct. 1735, 1754 (2025). The Supreme Court held that the D.C. Circuit, and not this Court, is the proper venue for review of EPA's April and June 2022 denials of small refinery exemptions. *See id.*

4.     On August 19, 2025, EPA filed a status report in which it noted that "EPA has now developed a new approach for reviewing small refinery exemptions and that EPA's current intention is to issue decisions on the small refinery exemptions before it, as well as those that are in litigation, including the exemption petitions underlying the 2023 Denial in this case."  ECF No. 129.

5.     On August 22, 2025, EPA issued its "August 2025 Decisions on Petitions for RFS Small Refinery Exemptions." *See*

https://www.epa.gov/system/files/documents/2025-08/420r25010.pdf.  (the

"August 2025 Decision").

6.     On August 27, 2025, a "Notice of August 2025 Decisions on Petitions

for Small Refinery Exemptions Under the Renewable Fuel Standard Program" was

published in the Federal Register. *See* 90 Fed. Reg. 41829-01 (Aug. 27, 2025).

7.     EPA believes its August 2025 Decision likely renders this case moot.

*See Alaska v. U.S.D.A.*, 17 F.4th 1224, 1226 (D.C. Cir. 2021) (A "case [is] 'plainly

moot' when the agency order has been 'superseded by a subsequent . . . order . . .

.'" (ellipses in original and quoting *Freeport-McMoRan Oil & Gas Co. v. FERC*,

962 F.2d 45, 46 (D.C. Cir. 1992))).  However, EPA requires additional time to

confer with counsel for Petitioners and to coordinate internally on the appropriate

next steps for this case and the challenges to other petition denials pending in other

courts. EPA thereafter expects to file an appropriate motion with the Court.

8.     EPA will update the Court on the effect that the August 2025 Decision

may have on the present litigation in its next monthly status report.

Dated: September 18, 2025          Respectfully submitted,

ADAM R.F. GUSTAFSON
*Acting Assistant Attorney General*

*/s/ Bryan J. Harrison*
BRYAN J. HARRISON
JEFFREY HUGHES
United States Department of Justice
Environment & Natural Resources
Division
P.O. Box 7611
Washington, D.C.  20044
(202) 305-5426
bryan.harrison@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Bryan J. Harrison*
Bryan J. Harrison